## ADAMS *v.* KENNEY.

On the question whether a deed was delivered without authority, by fraudulent collusion between the agent of the grantors and the grantee, offers communicated by the agent to the grantors as coming from the grantee, and the instructions given by the grantors to their agent as to the delivery of the deed, are admissible in evidence.

As tending to impeach a conveyance on the ground of fraud, it is competent to show that in other transactions about the same time the grantee aided and advised the grantors in preventing their creditors from availing themselves of their legal remedies.

TRESPASS, for taking and carrying away crops. The plaintiff claimed that the crops were raised by him on a farm leased of his mother, Mary H. Adams, in March, 1876. The defendant denied that the lease was ever delivered, or that the plaintiff ever had or was entitled to the possession of the farm or crops, and claimed that, in August, 1876, he had purchased the farm and crops of said Mary H. Adams, and her husband Nathan Adams. One Spalding witnessed and delivered the deed to the defendant; and it was admitted that he was authorized to deliver it upon some terms, but what those terms were was in controversy. The defendant proposed to show what Spalding said about the sale of the farm; but the evidence tending to show that it was before he was authorized to make a sale or deliver the deed, it was excluded, and no exception was taken until after verdict.

The plaintiff contended, and introduced evidence tending to show, that the delivery of the deed to the defendant by Spalding was by a fraudulent understanding between them, and unauthorized by the grantors; and, as bearing on this question, the plaintiff, subject to exception, was permitted to show the offers communicated to the grantors by Spalding, as coming from the defendant, and their instructions to him as to the delivery of the deed to the defendant.

There was evidence tending to show that about the date of the deed to the defendant several trustee suits were brought against Nathan Adams, in which Mary H. Adams was summoned as trustee, and that she left the state to avoid giving her disclosure; and, against the defendant's objection, the plaintiff was permitted to show that on her return the defendant sent to her that she had come back too soon, and that she must go away and remain until after court; and, subject to exception, the witnesses were allowed to state the message given them by the defendant for Mary H. Adams, and delivered to her by them, and that she immediately went away again. Verdict for the plaintiff.

*Morrison & Clark,* for the plaintiff.

*Wadleigh & Wallace*, for the defendant.

CLARK, J.   The evidence as to what Spalding said about the sale of the farm, before he was authorized to make a sale or deliver the deed, was hearsay and immaterial.   If it had been material, the exception came too late after the verdict.   The evidence of the offer communicated by Spalding to the defendant's grantors as coming from the defendant, and of the instructions given by the defendant's grantors to Spalding as to the delivery of the deed, was competent upon the question of Spalding's authority to deliver the deed; and it was also material upon the question whether there was a fraudulent conspiracy between Spalding and the defendant, as claimed by the plaintiff.

The evidence that the defendant, about the date of the conveyance to him, advised Mrs. Adams to leave the state and remain away until after court to avoid giving her disclosure in the trustee suits, indicated a purpose on the part of the defendant to aid in preventing the creditors of his grantors from availing themselves of their legal remedies, and was competent as tending to show that the defendant's deed was fraudulent as to creditors and the plaintiff.   *Whittier* v. *Varney*, 10 N..H. 291; *Lee* v. *Lamprey*, 43 N. H. 13; *Pomeroy* v. *Bailey*, 43 N. H. 118, 125.   The fact that the defendant advised Mrs. Adams to remain away was also competent in support of the plaintiff's claim of a fraudulent conspiracy between the defendant and Spalding in the delivery of the deed.

*Exceptions overruled.*

STANLEY, J., did not sit: the others concurred.